# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## COLUMBUS DIVISION

**DOCKET SEARCHER, LLC,**
90 Rhoads Center Drive
Dayton, OH 45458
      Plaintiff,

        v.

**BOYD GENTRY**
4031 Colonel Glenn Highway
First Floor
Dayton, OH 45431

**MIDLAND CREDIT MANAGEMENT, INC.**
350 Camino De La Reina
Suite 100
San Diego, CA 92108

     and

**LVNV FUNDING LLC**
6801 S. Cimarron Road
Suite 424-J
Las Vegas, NV 89113
      Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case Number: 2:25-cv-485

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Docket Searcher, LLC (hereinafter, "DocketSearcher"), by and through undersigned counsel, and hereby files this Complaint, showing this Honorable Court as follows:

1

## I.     INTRODUCTION

1.     In 2023, three (3) high school students started a business, which: **(a)** gathered publicly available information from various sources; **(b)** sorted that publicly available information into a form that could be useful to others; and **(c)** provided that sorted information to those who requested it.

2.     That business was formalized into Docket Seaercher, LLC (hereinafter, "DocketSearcher") in 2024.

3.     Because those students wanted an adult to co-sign various business documents, they enlisted one of their fathers as a minority shareholder of DocketSearcher.

4.     DocketSearcher has now become the target of abusive litigation practices by Midland Credit Management, Inc. (hereinafter, "Midland"), LVNV Funding LLC (hereinafter, "LVNV"), and their overly zealous attorney Boyd Gentry (hereinafter, "Gentry").

5.     Consequently, the student-owners of DocketSearcher are now forced to bring this action to curtail the abusive behavior from Midland, LVNV, and Gentry (hereinafter, collectively, "Defendants").

## II.    PARTIES

6.     DocketSearcher incorporates by reference all of the paragraphs recited

2

herein as if expressly set forth in their entireties.

7. DocketSearcher is an LLC that is authorized to conduct business in Ohio and has a business address of:

**90 RHOADS CENTER DRIVE**
**DAYTON, OH 45434**

8. Midland Credit Management, Inc. (hereinafter, "Midland"), is a California company having an address at:

**350 CAMINO DE LA REINA**
**SUITE 100**
**SAN DIEGO, CA 92108**

9. According to the Ohio Secretary of State, Midland can be served through its registered agent for service of process at:

**MIDLAND CREDIT MANAGEMENT, INC.**
**CORPORATION SERVICE COMPANY**
**1160 DUBLIN ROAD**
**SUITE 400**
**COLUMBUS, OH 43215**

10. LVNV Funding LLC (hereinafter, "LVNV"), is a Delaware company, which (according to the Ohio Secretary of State) has a principal place of business at:

**6801 S. CIMARRON ROAD**
**SUITE 424-J**
**LAS VEGAS, NV 89113**

11. According to the Ohio Secretary of State, Midland can be served through its registered agent for service of process at:

3

**LVNV FUNDING LLC**
**CORPORATION SERVICE COMPANY**
**1160 DUBLIN ROAD**
**SUITE 400**
**COLUMBUS, OH 43215**

12.     Boyd Gentry (hereinafter, "Gentry") is an Ohio attorney who can be served at his principal place of business, which is listed as:

**BOYD GENTRY**
**LAW OFFICE OF BOYD GENTRY, LLC**
**4031 COLONEL GLENN HIGHWAY**
**FIRST FLOOR**
**DAYTON, OH 45431**

13.     DocketSearcher has had no prior communications or dealings with Midland, LVNV, or Gentry (hereinafter, collectively, "Defendants") prior to the abusive and frivolous conduct of Defendants, as set forth in greater detail herein.

## III.    SUBJECT MATTER JURISDICTION

14.     DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

15.     DocketSearcher's claims against Defendants arise out of one or more provisions of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), including 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d, as well as Ohio Revised Code (hereinafter, "ORC") 2307, ORC 2323.51, ORC 2315.21, and ORC 1343.

16.     Insofar as DocketSearcher's claims arise out of both federal law and

Ohio law, this Honorable Court has federal subject matter jurisdiction to adjudicate the federal claims pursuant to 15 U.S.C. § 1692k(d) and supplemental jurisdiction to adjudicate the state-law claims pursuant to 28 U.S.C. § 1367.

## IV.    PERSONAL JURISDICTION

17.    DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

18.    Midland regularly transacts business in this state.

19.    Midland is also registered with the Ohio Secretary of State to conduct business in Ohio.

20.    Midland has caused a tortious injury by an act or omission in this state.

21.    Consequently, this Honorable Court has personal jurisdiction over Midland.

22.    LVNV regularly transacts business in this state.

23.    LVNV is also registered with the Ohio Secretary of State to conduct business in Ohio.

24.    LVNV has caused a tortious injury by an act or omission in this state.

25.    Consequently, this Honorable Court has personal jurisdiction over LVNV.

26. Gentry regularly transacts business in this state.

27. Gentry has caused a tortious injury by an act or omission in this state.

28. Gentry has an interest in, uses, or possesses real property in this state.

29. Consequently, this Honorable Court also has personal jurisdiction over Gentry.

## V.   VENUE

30. DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

31. Midland, LVNV, and Gentry (hereinafter, collectively, "Defendants") directed their activity to DocketSearcher at its principal place of business in the Southern District of Ohio.

32. Consequently, the activities that gave rise to the claims for relief occurred in the Southern District of Ohio.

33. Midland has designated as its agent for service of process an entity that is located in Columbus, Ohio.

34. LVNV has designated as its agent for service of process an entity that is located in Columbus, Ohio.

35. Consequently, Midland and LVNV have consented to venue in this Honorable Court.

6

36.     Venue is proper in this Honorable Court.

## VI.    FACTS

37.     DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

### A.     *Docket Searcher, LLC*

38.     As its name suggests, DocketSearcher is a search company.

39.     DocketSearcher was first founded by three (3) individuals who, at that time, were high-school friends, along with one of their fathers (who was required as a responsible adult that could co-sign documents for one or more of the then-minor students).

40.     Generally, DocketSearcher: **(a)** searches publicly available information; and **(b)** provides the search results in various forms to DocketSearcher's customers who have requested the information.

41.     For example, in the past, DocketSearcher has searched and found domestic and divorce information, public information relating the Bureau of Motor Vehicles, certificates of judgments from various courts, Consumer Financial Protection Bureau activity, and information about court proceedings in different jurisdictions.

42.     The computer programmers at DocketSearcher have also worked on image data extraction for commercial spaces, as well as information extraction and analysis from confidential nursing home data.

43.     DocketSearcher considers its proprietary search algorithms to be trade secrets.

44.     DocketSearcher also considers its customer lists, search parameters, and the data that DocketSearcher analyzes to be trade secrets.

45.     Furthermore, to the extent that searches are requested by law firms or individual lawyers, DocketSearcher believes that those particular searches are attorney work product of the law firms and lawyers.

46.     Ultimately, regardless of the data types, DocketSearcher has no control over what the customer does with the information after DocketSearcher has provided the information to the customer.

47.     In other words, DocketSearcher's role ends when the requested information is provided to DocketSearcher's customer and DocketSearcher has been paid for that information.

48.     Consequently, DocketSearcher has no relevant evidence about any civil matter pending in any court, other than what is publicly available over the Internet.

49.     Prior to the improper subpoenas served on DocketSearcher by

8

Defendants, DocketSearcher has never been involved in any civil proceedings.

### B.      Midland Credit Management, Inc.

50.      Midland is one of the companies that Gentry has represented (and continues to represent) on multiple lawsuits against consumers.

51.      Midland has been investigated multiple times and sued by the federal Consumer Financial Protection Bureau (hereinafter, "CFPB") for egregious violations of federal laws, including the Consumer Financial Protection Act (hereinafter, "CFPA") and the Fair Debt Collection Practices Act (hereinafter, "FDCPA").

52.      For example, the CFPB sued Midland and its affiliated companies in 2015, which resulted in an administrative order in *Encore Capital Group, Inc.,* 2015-CFPB-0022 (Sept. 9, 2015) (hereinafter, "2015 Order").

53.      The 2015 Order resolved claims that Midland (and its affiliates) were making false or unsubstantiated statements representations to consumers about consumers owing debts, misrepresenting that Midland intended to prove debts if consumers contested the debts, filing affidavits that misled consumers about affiants' personal knowledge and the courts' presumption of the debts' validity, misrepresenting that Midland (and its affiliates) had legally enforceable debts, and other claims.

54. Midland and its affiliated companies were sued again by the CFPB in 2020 (*CFPB v. Midland, et al.*, Case 3:20-cv-01750-GPC-KSC (S.D. Cal. Sept. 8, 2020)) for violating that 2015 Order.

55. Routinely, Midland abuses the legal process by suing alleged debtors using documents that appear to be fabricated.

56. Relevant to this action, Midland has engaged in abusive and frivolous conduct (through Gentry), which has no substantial purpose other than to embarrass, harass, or burden DocketSearcher, and has used methods of obtaining evidence that violate the legal rights of DocketSearcher.

57. Midland's abusive and frivolous actions are set forth in greater detail hereinbelow.

## C. *LVNV Funding LLC*

58. LVNV is also one of the companies that Gentry has represented (and continues to represent) on multiple lawsuits against consumers.

59. LVNV's business model appears to be similar (if not identical) to the business model of Midland.

60. Routinely, LVNV abuses the legal process by suing alleged debtors using documents that appear to be fabricated.

61. Relevant to this action, LVNV has engaged in abusive and frivolous

conduct (through Gentry), which has no substantial purpose other than to embarrass, harass, or burden DocketSearcher, and has used methods of obtaining evidence that violate the legal rights of DocketSearcher.

62. LVNV's abusive and frivolous actions are set forth in greater detail hereinbelow.

### D.    Boyd Gentry

63. Gentry represents debt collectors that regularly submit what appears to be manufactured evidence.

64. In many of those cases, experts have testified about discrepancies in electronic documents that demonstrate the likely fabrication of those electronic documents.

65. Midland happens to be one of the debt collectors that Gentry represents regularly.

66. LVNV also happens to be one of the debt collectors that Gentry represents regularly.

67. Despite the evidence of spoliation and evidence tampering, Gentry continues to file questionable documents in numerous cases (including cases for Midland).

68. Disturbingly, Gentry himself has manufactured an electronic file to

11

support an argument that was otherwise unsupported by any admissible evidence.

69. For example, in a *Daubert* brief filed on 2025-Mar-20 in *LVNV Funding, LLC v. Bird*, Case Number 2024CV004796 (Franklin County Court of Common Pleas) (hereinafter, "Bird Case"): **(a)** Gentry himself created an entire 100-line "csv" file (which he titled "Book1.csv"); **(b)** Gentry himself selected only a portion of that self-manufactured electronic file and partially printed to paper only the self-selected portion of the manufactured file; and **(c)** Gentry himself submitted that partially printed (and otherwise unavailable file) to support his arguments in the *Daubert* brief.

70. Although that partial printout of the Gentry-fabricated document was filed as an exhibit in support of Gentry's *Daubert* brief, Gentry never produced the original electronic 100-line "Book1.csv" (with all of the metadata intact) for inspection.

71. Gentry has also advanced demonstrably false statements, which are completely unsupportable and contrary to fact, during legal proceedings.

72. Ultimately, Gentry abuses the legal process by making false and misleading statements and simply making up information when it suits Gentry.

73. Disturbingly, it appears that Gentry has no hesitation in advancing false statements in judicial proceedings.

74. Relevant to this action, Gentry has engaged in abusive and frivolous

12

conduct, which has no substantial purpose other than to embarrass, harass, or burden DocketSearcher, and has used methods of obtaining evidence that violate the legal rights of DocketSearcher.

75.    DocketSearcher fully expects Gentry to make up ridiculous excuses for why Gentry engaged in such abusive and frivolous conduct (such as, for example, issuing subpoenas to a completely unrelated third-party like DocketSearcher (rather than simply conducting normal discovery on the identified fact and expert witnesses in certain debt-collection cases)).

76.    Gentry's abusive and frivolous actions are set forth in greater detail hereinbelow.

### E.    *Frivolous and Abusive Behavior by Midland, LVNV, and Gentry*

77.    On 2025-Mar-31, DocketSearcher received via certified mail a subpoena (hereinafter, "1st Subpoena") relating to *Midland Credit Management, Inc. v. William Hunt*, Case Number CV2024-05-0910 (Butler County Court of Common Pleas) (hereinafter, "Hunt Case") and another subpoena (hereinafter, "2nd Subpoena") relating to *Midland Credit Management, Inc. v. James Goffe*, Case Number 2024-CV-006086 (Franklin County Court of Common Pleas) (hereinafter, "Goffe Case").

78.    On or about 2025-Apr-14, DocketSearcher became aware of yet

another subpoena (hereinafter, "3rd Subpoeana"; hereinafter, collectively with 1st Subpoena and 2nd Subpoena (or any other subsequently discovered subpoenas), "Subpoenas") relating to *LVNV Funding, LLC v. Lisa Fields*, Case Number 2024-CV-6016 (Montgomery County Court of Common Pleas (hereinafter, "Fields Case").

79.     The 1st Subpoena commanded DocketSearcher (as an entity) to attend and give testimony at a deposition at 3:00pm on 2025-Apr-25, as well as produce documents at that deposition.

80.     The 2nd Subpoena commanded DocketSearcher (as an entity) to attend and give testimony at a deposition at 2:00pm on 2025-Apr-25, as well as produce documents at that deposition.

81.     The 3rd Subpoena commanded DocketSearcher (as an entity) to attend and give testimony at a deposition at 2:00pm on 2025-May-06 as well as produce documents at that deposition.

82.     To be clear, all of the Subpoenas were served on DocketSearcher (as an entity) and commanded DocketSearcher (as an entity) to attend depositions and produce documents at those depositions.

83.     None of the Subpoenas commanded attendance or production from any of the individual officers or members of DocketSearcher.

84.     The 1st Subpoena was defective on its face because it never described

14

"with reasonable particularity the matters for examination," even though the 1st Subpoena was directed to an entity (DocketSearcher) and not an individual.

85.     The 2nd Subpoena was equally defective on its face because it also failed to "describe with reasonable particularity the matters for examination," even though the 2nd Subpoena was directed to an entity (DocketSearcher) and not an individual.

86.     The 3rd Subpoena was similarly defective on its face because it also failed to "describe with reasonable particularity the matters for examination," even though the 2nd Subpoena was directed to an entity (DocketSearcher) and not an individual.

87.     DocketSearcher has never had any involvement in the Hunt Case.

88.     DocketSearcher has never sent any solicitation letters to William Hunt (hereinafter, "Hunt").

89.     In fact, DocketSearcher has never communicated at all with Hunt.

90.     Similarly, DocketSearcher has never had any involvement in the Goffe Case.

91.     Also, DocketSearcher never sent any solicitation letters to James Goffe (hereinafter, "Goffe").

92.     Furthermore, DocketSearcher has never communicated at all with Goffe.

15

93. Likewise, DocketSearcher has never had any involvement in the Fields Case.

94. Also, DocketSearcher never sent any solicitation letters to Lisa Fields (hereinafter, "Fields").

95. Furthermore, DocketSearcher has never communicated at all with Fields.

96. At no time (ever) was Hunt a customer or client of DocketSearcher.

97. At no time (ever) was Goffe a customer or client of DocketSearcher.

98. At no time (ever) was Fields a customer or client of DocketSearcher.

99. At no time (ever) has there been any relationship between DocketSearcher and Hunt.

100. At no time (ever) has there been any relationship between DocketSearcher and Goffe.

101. At no time (ever) has there been any relationship between DocketSearcher and Fields.

102. Midland, LVNV, and Gentry had no basis at all (let alone any reasonable basis) for believing that DocketSearcher has any information about Hunt, Goffe, or Fields that is not publicly available on the Internet.

103. DocketSearcher understands that Defendants were given an opportunity to withdraw the Subpoenas.

16

104.   As part of that opportunity for Defendants to avoid liability for improper Subpoenas, Defendants were informed that the Subpoenas sought irrelevant information and was unduly burdensome.

105.   Rather than withdrawing the Subpoenas, Gentry and Midland dispatched an amended subpoena to DocketSearcher on 2025-Apr-08 (hereinafter, "Amended Subpoena") in the Hunt Case.

106.   The Amended Subpoena commanded DocketSearcher to attend a deposition and produce documents on an even earlier date of 2025-Apr-21, which provided less than fourteen (14) days to comply (the minimum time window recited in Rule 45(C)(2)(b) of the Ohio Rules of Civil Procedure (hereinafter, "Civ. R.")).

107.   In other words, the Amended Subpoena was less reasonable and more burdensome than either of the two original Subpoenas.

108.   By requiring such an unreasonably short period for compliance, it was clear that Defendants were not taking reasonable steps to avoid imposing undue burden or expense on DocketSearcher.

109.   Furthermore, by requiring such an unreasonably short period for compliance, it was clear that Gentry was using the Subpoenas for no substantial purpose other than to embarrass, harass, or burden DocketSearcher.

110.   Clearly, Gentry was using methods of obtaining evidence that violated

the legal rights of DocketSearcher.

111.   Because Defendants have abused the litigation process by issuing frivolous Subpoenas that unduly burden DocketSearcher, and because Defendants have rejected the opportunity to avoid liability for their abusive and frivolous actions (despite being provided such an opportunity), DocketSearcher is now forced to file this action to recoup damages that have resulted from the abusive and frivolous behavior of Defendants.

## VII.   CLAIMS

### COUNT I: 15 U.S.C. § 1692c(b)

112.   DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

113.   15 U.S.C. § 1692c(b) recites, in relevant part: "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

114.   Midland is "a debt collector" as defined by 15 U.S.C. § 1692c(b).

115.  LVNV is "a debt collector" as defined by 15 U.S.C. § 1692c(b).

116.  Gentry is "a debt collector" as defined by 15 U.S.C. § 1692c(b).

117.  DocketSearcher is "any person" as defined by 15 U.S.C. § 1692c(b).

118.  Midland has failed to comply with the FDCPA, 15 U.S.C. § 1692c(b), with respect to DocketSearcher.

119.  LVNV has failed to comply with the FDCPA, 15 U.S.C. § 1692c(b), with respect to DocketSearcher.

120.  Gentry has failed to comply with the FDCPA, 15 U.S.C. § 1692c(b), with respect to DocketSearcher.

121.  Consequently, DocketSearcher is entitled to a judgment against Defendants for their violation of 15 U.S.C. § 1692c(b)


## COUNT II: 15 U.S.C. § 1692d

122.  DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

123.  15 U.S.C. § 1692d recites, in relevant part (with emphasis supplied): "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

124.  Midland is "a debt collector" as defined by 15 U.S.C. § 1692d.

125. LVNV is "a debt collector" as defined by 15 U.S.C. § 1692d.

126. Gentry is "a debt collector" as defined by 15 U.S.C. § 1692d.

127. DocketSearcher is "any person" as defined by 15 U.S.C. § 1692d.

128. Midland has failed to comply with the FDCPA, 15 U.S.C. § 1692d, with respect to DocketSearcher by engaging in any conduct, such as issuing a frivolous and abusive subpoena to DocketSearcher, the natural consequence of which is to harass, oppress, or abuse DocketSearcher in connection with the collection of a debt (such as the collection lawsuits filed against Hunt and/or Goffe).

129. LVNV has failed to comply with the FDCPA, 15 U.S.C. § 1692d, with respect to DocketSearcher by engaging in any conduct, such as issuing a frivolous and abusive subpoena to DocketSearcher, the natural consequence of which is to harass, oppress, or abuse DocketSearcher in connection with the collection of a debt (such as the collection lawsuit filed against Fields).

130. Gentry has failed to comply with the FDCPA, 15 U.S.C. § 1692d, with respect to DocketSearcher by engaging in any conduct, such as issuing a frivolous and abusive subpoena to DocketSearcher, the natural consequence of which is to harass, oppress, or abuse DocketSearcher in connection with the collection of a debt (such as the collection lawsuits filed against Hunt, Goffe, and Fields).

131. Consequently, DocketSearcher is entitled to a judgment against

20

Defendants for their violation of 15 U.S.C. § 1692d.

## COUNT III: 15 U.S.C. § 1692k

132. DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

133. 15 U.S.C. § 1692k(a)(1) recites, in relevant part (in relevant part): "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure[.]"

134. 15 U.S.C. § 1692k(a)(2)(A) recites, in relevant part (with emphasis supplied): "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[.]"

135. 15 U.S.C. § 1692k(a)(3) recites, in relevant part (with emphasis supplied): "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

136. Midland is "any debt collector" as defined by 15 U.S.C. § 1692k.

137. LVNV is "any debt collector" as defined by 15 U.S.C. § 1692k.

138. Gentry is "any debt collector" as defined by 15 U.S.C. § 1692k.

139. DocketSearcher is "any person" as defined by 15 U.S.C. § 1692k.

140. Midland has failed to comply with the FDCPA with respect to DocketSearcher.

141. LVNV has failed to comply with the FDCPA with respect to DocketSearcher.

142. Gentry has failed to comply with the FDCPA with respect to DocketSearcher.

143. Consequently, Midland is liable to DocketSearcher in an amount equal to the sum of any actual damage sustained by DocketSearcher as a result of Midland's failure to comply with the FDCPA.

144. Similarly, LVNV is liable to DocketSearcher in an amount equal to the sum of any actual damage sustained by DocketSearcher as a result of LVNV's failure to comply with the FDCPA.

145. Likewise, Gentry is liable to DocketSearcher in an amount equal to the sum of any actual damage sustained by DocketSearcher as a result of Gentry's failure to comply with the FDCPA.

146. Midland is also liable to DocketSearcher for statutory damages of up

to $1,000.00 as a result of Midland's failure to comply with the FDCPA.

147. LVNV is also liable to DocketSearcher for statutory damages of up to $1,000.00 as a result of LVNV's failure to comply with the FDCPA.

148. Gentry is also liable to DocketSearcher for statutory damages of up to $1,000.00 as a result of Gentry's failure to comply with the FDCPA.

149. Should DocketSearcher be successful in enforcing Defendants' liability under the FDCPA, DocketSearcher is entitled to the costs of the action, together with a reasonable attorney's fee as determined by the court.

## COUNT IV: NEGLIGENCE

150. DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

151. STANDING: The purpose of Rule 45(C)(1) of the Ohio Rules of Civil Procedure (hereinafter, "Civ. R.") is to protect a person or entity that is subject to a subpoena and, therefore, any person or non-party that has suffered an undue expense or been unduly burdened has standing to enforce the protectionary measures that are recited in Civ. R. 45.

152. STANDING: DocketSearcher is a non-party that has suffered such an undue expense or undue burden.

153. STANDING: The purpose of Rule 4.4(a) of the Ohio Rules of

23

Professional Conduct (hereinafter, "Prof. R.") is to protect a non-party from embarrassment, harassment, burden, or other violation of the legal rights of the non-party, thereby permitting a person or non-party to enforce the protectionary measures that are recited in Prof. R. 4.4(a).

154. STANDING: DocketSearcher is a non-party that has been subject to embarrassment, harassment, burden, or other violation of DocketSearcher's legal rights.

155. DUTY: Civ. R. 45(C)(1) expressly imposes a duty on a party or attorney as follows: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

156. DUTY: Consequently, Civ. R. 45(C)(1) expressly imposed a duty on Midland and Gentry to take reasonable steps to avoid imposing undue burden or expense on DocketSearcher (the entity that was subject to the subpoena).

157. DUTY: Prof. R. Rule 4.4(a) imposes a duty on an attorney as follows: "a lawyer shall not use means that have no substantial purpose other than to embarrass, harass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

158. DUTY: Consequently, Prof. R. 4.4(a) imposed a duty on Gentry to not use means that have no substantial purpose other than to embarrass, harass, or

24

burden DocketSearcher.

159. BREACH: Midland breached its duty by issuing a frivolous subpoena to DocketSearcher, without any reasonable basis in fact or law, which imposed an undue burden and undue expense on DocketSearcher.

160. BREACH: LVNV breached its duty by issuing a frivolous subpoena to DocketSearcher, without any reasonable basis in fact or law, which imposed an undue burden and undue expense on DocketSearcher.

161. BREACH: Gentry breached his duty by issuing a frivolous subpoena to DocketSearcher, without any reasonable basis in fact or law, which imposed an undue burden and undue expense on DocketSearcher.

162. BREACH: Gentry breached his duty by using means that had no substantial purpose other than to embarrass, harass, or burden DocketSearcher.

163. DAMAGES: Because DocketSearcher is an entity (and not an individual), DocketSearcher cannot represent itself in court proceedings.

164. DAMAGES: Insofar as DocketSearcher cannot represent itself in court proceedings, DocketSearcher was required to expend money and resources to engage a licensed attorney in Ohio to object, quash, contest, or otherwise oppose the improper, frivolous, and abusive subpoenas.

165. CAUSATION: But for the improper, frivolous, and abusive subpoenas, DocketSearcher would not have been required to expend money and

25

resources to engage an Ohio attorney.

166. Gentry, Midland, and LVNV were given the opportunity to withdraw their respective Subpoenas.

167. As part of the opportunity to avoid liability for frivolous and abusive conduct, Defendants were informed that the Subpoenas sought irrelevant information and was unduly burdensome.

168. Rather than withdrawing the original Subpoenas, Midland and Gentry served the Amended Subpoena to DocketSearcher, which was even more burdensome and even less reasonable than the original Subpoenas.

169. Because DocketSearcher has established all of the elements of negligence (e.g., duty, breach, causation, damages, and standing to bring this action against Midland, LVNV, and Gentry), DocketSearcher is entitled to an amount of damages that DocketSearcher can prove at trial before a jury.

## COUNT V: NEGLIGENCE PER SE

170. DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

171. STANDING: The purpose of Civ. R. 45(C)(1) is to protect a person or entity that is subject to a subpoena and, therefore, a person or non-party that has been unduly burdened or suffered an undue expense has standing to enforce the

26

protectionary measures that are recited in Civ. R. 45.

172. STANDING: The purpose of Prof. R. 4.4(a) is to protect a non-party from embarrassment, harassment, burden, or other violation of the legal rights of the non-party, thereby permitting a person or non-party to enforce the protectionary measures that are recited in Prof. R. 4.4(a).

173. DUTY IMPOSED BY LAW: Civ. R. 45(C)(1) expressly imposes a duty on a party or attorney as follows: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

174. DUTY IMPOSED BY LAW: Consequently, Civ. R. 45(C)(1) expressly imposed a duty on Midland, LVNV, and Gentry to take reasonable steps to avoid imposing undue burden or expense on DocketSearcher (the entity that was subject to the Subpoenas).

175. DUTY IMPOSED BY LAW: Prof. R. Rule 4.4(a) imposes a duty on an attorney as follows: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, harass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

176. DUTY IMPOSED BY LAW: Consequently, Prof. R. 4.4(a) imposed a duty on Gentry to not use means that have no substantial purpose other than to

27

embarrass, harass, or burden DocketSearcher.

177. BREACH: Midland breached its duty by issuing a subpoena to DocketSearcher that violated Midland's legally imposed obligation.

178. BREACH: LVNV breached its duty by issuing a subpoena to DocketSearcher that violated LVNV's legally imposed obligation.

179. BREACH: Gentry breached his duty by issuing a subpoena to DocketSearcher that violated Gentr's legally imposed obligation.

180. BREACH: Gentry further breached his duty by violating his legally obligation, namely, by using means that had no substantial purpose other than to embarrass, harass, or burden DocketSearcher.

181. DAMAGES: Because DocketSearcher is an entity (and not an individual), DocketSearcher cannot represent itself in court proceedings.

182. DAMAGES: Insofar as DocketSearcher cannot represent itself in court proceedings, DocketSearcher was required to expend money and resources to engage a licensed attorney in Ohio to object, quash, contest, or otherwise oppose the improper subpoenas.

183. CAUSATION: But for the improper subpoenas, DocketSearcher would not have been required to expend money and resources to object, quash, contest, or otherwise oppose the improper subpoenas.

184. Defendants were given the opportunity to withdraw the Subpoenas.

28

185. As part of that opportunity to avoid liability, Defendants were informed that the subpoenas sought irrelevant information and was unduly burdensome.

186. Rather than withdrawing the subpoenas, Midland and Gentry served the Amended Subpoena to DocketSearcher, which was even more burdensome than the original Subpoenas.

187. Because DocketSearcher has established all of the elements of negligence per se (e.g., duty imposed by law, violation of that law, causation, damages, and standing to bring this action against Defendants), DocketSearcher is entitled to an amount of damages that DocketSearcher can prove at trial before a jury.

## COUNT VI: FRIVOLOUS CONDUCT IN CIVIL ACTION

188. DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

189. Ohio Revised Code (hereinafter, "ORC") 2323.51(A)(1)(a) defines "conduct" to include, in relevant part, "the filing of a . . . paper filed for discovery purposes, or the taking of any other action in connection with a civil action."

190. Serving subpoenas on DocketSearcher constitutes "conduct" under ORC 2323.51(A)(1)(a).

29

191. ORC 2323.51(A)(2)(i) defines, in relevant part, "frivolous conduct" to include conduct of a party to a civil action that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation."

192. ORC 2323.51(A)(2)(iii) defines "frivolous conduct" to include, in relevant part, conduct of a party to a civil action that "consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

193. ORC 2323.51(A)(2)(iv) defines, in relevant part, "frivolous conduct" to include "contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

194. The subpoenas served on DocketSearcher by Defendants fall within "frivolous conduct" as defined in ORC 2323.51(A)(2) because those Subpoenas: **(a)** serve merely to harass or maliciously injure DocketSearcher; **(b)** have no reasonable basis and no evidentiary support for being served on DocketSearcher (instead of being served on any identified fact witness or expert witness); and **(c)** not warranted by the evidence in the record.

195. Ultimately, there is no evidence, no factual allegation, and no basis at

30

all (let alone any reasonable basis) that states, implies, or otherwise suggests that DocketSearcher is in any way related to Hunt, Goffe, or Fields.

196. The attorneys' fees and expenses of litigation are directly and proximately caused by the abusive and frivolous subpoenas served by Defendants.

197. DocketSearcher has suffered the very type of injury contemplated by ORC 2323.51.

198. DocketSearcher is entitled to an amount of damages to be proven at a trial by jury, including attorneys' fees and expenses of litigation for Defendants' frivolous conduct.

## COUNT VII: PUNITIVE DAMAGES

199. DocketSearcher incorporates by reference all of the paragraphs recited herein as if expressly set forth in their entireties.

200. The actions by Defendants (in serving frivolous subpoenas on DocketSearcher, which on their faces failed to comply with the requirements for third-party subpoenas) demonstrates malice against DocketSearcher.

201. The actions by Defendants demonstrate that Midland (as principal or master) knowingly authorized, participated in, or ratified the actions of Gentry (as Midland's agent) to act with malice against DocketSearcher by serving frivolous subpoenas on DocketSearcher, which fail to comply with the requirements for

31

third-party subpoenas.

202.   The actions by Defendants demonstrate that LVNV (as principal or master) knowingly authorized, participated in, or ratified the actions of Gentry (as LVNV's agent) to act with malice against DocketSearcher by serving frivolous subpoenas on DocketSearcher, which fail to comply with the requirements for third-party subpoenas.

203.   Consequently, DocketSearcher is entitled to punitive or exemplary damages in an amount to be proven at a trial by jury.

**PRAYER FOR RELIEF**:

**THEREFORE**, DocketSearcher prays for the following relief:

(a)   That DocketSearcher's claims be tried to an impartial jury;

(b)   Judgement for monetary damages in favor of DocketSearcher and against Midland as a result of Midland's negligence;

(c)   Judgement for monetary damages in favor of DocketSearcher and against LVNV as a result of LVNV's negligence;

(d)   Judgement for monetary damages in favor of DocketSearcher and against Gentry as a result of Gentry's negligence;

(e)   Judgement for monetary damages in favor of DocketSearcher and against Midland based on negligence per se;

32

(f)     Judgement for monetary damages in favor of DocketSearcher and against LVNV based on negligence per se;

(g)     Judgement for monetary damages in favor of DocketSearcher and against Gentry based on negligence per se;

(h)     Attorneys' fees and expenses of litigation in favor of DocketSearcher and against Midland for Midland's frivolous and abusive conduct;

(i)     Attorneys' fees and expenses of litigation in favor of DocketSearcher and against LVNV for LVNV's frivolous and abusive conduct;

(j)     Attorneys' fees and expenses of litigation in favor of DocketSearcher and against Gentry's for Gentry's frivolous and abusive conduct;

(k)     Punitive or exemplary damages against Midland in an amount sufficient to deter and punish Midland for Midland's malicious actions toward DocketSearcher;

(l)     Punitive or exemplary damages against LVNV in an amount sufficient to deter and punish LVNV for LVNV's malicious actions toward DocketSearcher;

(m)     Punitive or exemplary damages against Gentry in an amount sufficient to deter and punish Gentry for Gentry's malicious actions toward DocketSearcher;

(n)     Referral of Gentry to the Ohio Supreme Court for disciplinary action as a result of Gentry's flagrant violations of Rule 4.4(a) of the Ohio Rules of Professional Conduct (and possibly other intentional and knowing violations);

(o)     Judgment against Midland for its violation of the FDCPA;

(p)     Judgment against LVNV for its violation of the FDCPA;

(q)     Judgment against Gentry for his violation of the FDCPA;

(r)     Actual damages against Midland as permitted by 15 U.S.C. § 1692k;

(s)     Actual damages against LVNV as permitted by 15 U.S.C. § 1692k;

(t)     Actual damages against Gentry as permitted by 15 U.S.C. § 1692k;

(u)     Statutory damages against Midland as permitted by 15 U.S.C. § 1692k;

(v)     Statutory damages against LVNV as permitted by 15 U.S.C. § 1692k;

(w)     Statutory damages against Gentry as permitted by 15 U.S.C. § 1692k;

(x)     Any other relief that this Honorable Court considers to be just, fair, and equitable.

Respectfully submitted on April 14, 2025,

/s/ Robert R. Lech
Robert R. Lech
Ohio Bar Number 0073078
Lech Law, LLC
PO Box 3473
Dublin, OH 43016
Tel. (614) 530-1284
rrlech@lechlaw.com

Counsel for Plaintiff Docket Searcher, LLC

34