UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOCKET SEARCHER, LLC,

       Plaintiff,

       v.

BOYD WILLIAM GENTRY, *et al.*,

       Defendants.

Case Number 2:25-cv-485
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on two Motions to Dismiss: Defendant Midland Credit Management Inc.'s ("Midland Credit") Motion to Dismiss (ECF No. 21) and Defendant Boyd Gentry's Motion to Dismiss (ECF No. 25). For the reasons below, the Court **GRANTS** both Motions.

## BACKGROUND

This case stems from a series of subpoenas that were issued by Attorney Boyd Gentry in three cases in Ohio state courts. (Am. Compl., ECF No. 19, ¶¶ 78–79.) Plaintiff Docket Searcher, LLC ("DocketSearcher"), the recipient of the subpoenas, alleges that the subpoenas were frivolous and intended to harass DocketSearcher. (*Id.* ¶ 135.)

DocketSearcher is a company that searches publicly available information and provides the search results in various forms to its customers who requested the information. (*Id.* ¶ 40.) It states that it has no control over what the customer does with the information after DocketSearcher has provided it to the customer and that it has no "relevant evidence about any civil matter pending in any court, other than what is publicly available over the Internet." (*Id.* ¶¶ 46, 48.)

DocketSearcher asserts that Mr. Gentry is an attorney who represents debt collection companies that "regularly submit what appears to be manufactured evidence." (*Id.* ¶ 64.) According to DocketSearcher, Mr. Gentry regularly represents Midland Credit and Defendant LVNV Funding LLC ("LVNV"). (*Id.* ¶¶ 66–67.) DocketSearcher alleges that Mr. Gentry "continues to file questionable documents in numerous cases (including cases for Midland)" despite "evidence of spoliation and evidence tampering." (*Id.* ¶ 68.)

On March 31, 2025, DocketSearcher received via certified mail two subpoenas related to two cases brought by Midland Credit, one in the Butler County Court of Common Pleas and the other in the Franklin County Court of Common Pleas. (*Id.* ¶ 78.) About two weeks later, DocketSearcher learned of a third subpoena related to a lawsuit brought by LVNV in the Montgomery County Court of Common Pleas. (*Id.* ¶ 79.) The subpoenas commanded DocketSearcher to attend depositions and produce documents at those depositions. (*Id.* ¶ 83.) DocketSearcher asserts that the subpoenas were defective on their face because they "never described with reasonable particularity the matters for examination." (*Id.* ¶¶ 85–87.)

DocketSearcher contends that it has never had any involvement in the state-court cases, and the defendants in those cases have never been clients of DocketSearcher nor had any relationship with DocketSearcher. (*Id.* ¶¶ 88–102.) It argues that Defendants had no basis for believing that DocketSearcher had any information about the underlying cases. (*Id.* ¶ 103.)

DocketSearcher informed Defendants that the subpoenas sought irrelevant information and were unduly burdensome. (*Id.* ¶ 105.) In response, Mr. Gentry and Midland Credit amended one of the subpoenas to command DocketSearcher to appear for a deposition at an earlier date, making the subpoena "less reasonable and more burdensome." (*Id.* ¶¶ 106–08.) DocketSearcher

argues this shows that Defendants were using the subpoenas for "no substantial purpose other than to embarrass, harass, or burden DocketSearcher." (*Id.* ¶ 110.)

Midland Credit filed a memorandum in the Butler County case addressing the subpoena. (*Id.* ¶ 113.) In the memorandum, it asserted that DocketSearcher "was involved in soliciting" the defendant in that case to bring a counterclaim against Midland Credit, and that the defendant's proferred expert, Sam Han, had a financial interest in the counterclaim. (*Id.* ¶ 119–20.) For context, according to Mr. Gentry, Sam Han is the organizing member of DocketSearcher and was disclosed as a potential expert witness for the defendants in the underlying cases. (ECF No. 25, PageID 270.) DocketSearcher asserts that Midland Credit's assertions in the memorandum are false. (Am. Compl., ¶¶ 119–20.) The judge in that case quashed the subpoena and commanded Mr. Gentry and Midland Credit to depose Sam Han, rather than DocketSearcher. (*Id.* ¶¶ 127–28.) Midland Credit then issued a document subpoena to Sam Han "commanding production of DocketSearcher's financial documents, electronic documents, trade secrets, and privileged documents." (*Id.* ¶ 129.)

According to DocketSearcher, Midland Credit, and LVNV have not deposed Sam Han to this day. (*Id.* ¶ 135.) DocketSearcher asserts this demonstrates that Defendants had no intention of legitimately questioning Sam Han and instead issued the subpoenas to harass, oppress, or abuse DocketSearcher. (*Id.*)

DocketSearcher filed this lawsuit to recoup damages that it alleges have resulted from Defendants' abuse of the litigation process and false representations in connection with the "frivolous" subpoenas. (*Id.* ¶ 136.) DocketSearcher brings three counts against Defendants: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, (2) negligence, and (3) punitive damages. (*Id.* ¶¶ 137–217.)

Mr. Gentry and Midland Credit each filed a Motion to Dismiss DocketSearcher's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 21, 25.) DocketSearcher responded (ECF Nos. 26, 28), and Mr. Gentry and Midland Credit replied. (ECF Nos. 27, 29.) Both Motions are now ripe for consideration.

## LEGAL STANDARD

Under Rule 12(b)(6), Plaintiffs must satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## ANALYSIS

The Court first notes a preliminary matter regarding the subpoenas. Midland Credit attached the subpoenas at issue as exhibits to its Motion. (*See* ECF Nos. 21-1, 21-2, 21-3.) DocketSearcher does not dispute the inclusion of the subpoenas for the Court's consideration. (*See* ECF No. 26, PageID 309–10.) Because the subpoenas are extensively referred to in the Amended Complaint and are central to DocketSearcher's claims, the Court will take them into

4

consideration when deciding the Motions. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (On a motion to dismiss, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

Turning to the merits, Mr. Gentry and Midland Credit argue that all three of DocketSearcher's claims should be dismissed for failure to state a claim. The Court first addresses Mr. Gentry's and Midland Credit's Motions to dismiss the FDCPA claim before turning to the state-law claims.

## I.      Violations of the FDCPA

DocketSearcher alleges that Defendants violated the following FDCPA provisions:

- 15 U.S.C. § 1692c(b): " . . .  [A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Am. Compl., ¶ 143.)

- 15 U.S.C. § 1692d: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." (*Id.* ¶ 153.)

- 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (*Id.* ¶ 161.)

- 15 U.S.C. § 1692f: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." (*Id.* ¶ 168.)

Mr. Gentry first argues that DocketSearcher has failed to state a claim against him because he is not a debt collector under the FDCPA. (ECF No. 25, PageID 273.) Additionally, he and Midland Credit both argue that DocketSearcher's FDCPA claim fails because the subpoenas were not "communications in connection with the collection of a debt" under the FDCPA. (*Id.* PageID 273–75; ECF No. 21, PageID 217–19.)

5

The Court is not convinced that Mr. Gentry is not a debt collector under the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) ("[T]he [FDCPA] applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation."). Nevertheless, the Court need not analyze whether Mr. Gentry is a debt collector under the statute because the subpoenas were not "communications in connection with the payment of a debt," as is required for recovery under the FDCPA.

According to the Sixth Circuit, "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (citing *Gburek v. Litton Loan Serv. LP,* 614 F.3d 380, 385 (7th Cir. 2010)). Although the "animating purpose" of a communication is typically a question of fact for the jury to decide, on a motion to dismiss, the court need only assess whether it is plausible that the purpose in sending the letter was to induce payment, based on the facts alleged in the complaint. *Estep v. Manley Deas Kochalski, LLC*, 552 F. App'x 502, 505 (6th Cir. 2014). When determining whether an animating purpose of a communication is to induce payment by a debtor, factors to consider are:

> (1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay.

*Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 431 (6th Cir. 2015).

In light of the above factors, the Court concludes that inducing payment of a debt was not an animating purpose of the subpoenas. DocketSearcher is not a debtor and has no relationship with Midland Credit or Mr. Gentry. The subpoenas do not demand payment or state a balance

6

due, nor do they express any intent to collect payment or threaten consequences for non-payment.

DocketSearcher argues that the subpoenas "made the attempt to collect debt more likely to succeed." (ECF No. 26, PageID 318.) Although the litigation in the state-court cases could conceivably proceed in a manner that ultimately results in payment of the alleged debts, the connection between the subpoenas and any such payment is too attenuated. The subpoenas were issued to a non-party as part of discovery in response to counterclaims brought against Midland Credit and LVNV. DocketSearcher cites two non-binding cases for the proposition that an improper subpoena can form the basis of an FDCPA claim. (*Id.* PageID 313–15, 317.) But those cases are not on point. There, the "subpoenas" were issued to debtors as part of efforts to collect their debts. *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 262–63 (3d Cir. 2013) (letter and "notice of examination" sent to bankruptcy petitioners regarding possible discharge of their debt if they agreed to pay a reduced amount); *Kranz v. Midland Credit Mgmt., Inc.*, No. SA-18-CV-169-XR, 2020 WL 3899223, at *1 (W.D. Tex. July 10, 2020) (letter titled "subpoena" sent to debtor post-judgment "as an aid of enforcement of execution"). Here, by contrast, the subpoenas were issued to a third party for the purpose of questioning defendants' proferred expert witness about his financial interest in the state-court cases. As such, the subpoenas cannot be characterized as communications in connection with the collection of a debt.

To be clear, the Court expresses no view as to whether the subpoenas were proper or directed to the correct non-party. Rather, the Court concludes only that the animating purpose of the subpoenas was not to induce payment of a debt, and therefore they were not "communications in connection with the collection of a debt." Thus, DocketSearcher's FDCPA claim cannot go forward.

Mr. Gentry and Midland Credit have established that DocketSearcher has failed to state a claim under the FDCPA. Accordingly, Mr. Gentry's and Midland Credit's Motions to Dismiss the FDCPA claim are **GRANTED**. DocketSearcher's FDCPA claim against Mr. Gentry and Midland Credit is **DISMISSED with prejudice**.

## II.     DocketSearcher's Remaining Claims

DocketSearcher also brings state-law claims for negligence and punitive damages. (Am. Compl., ¶¶ 192–217.) A federal court may exercise supplemental jurisdiction over state-law claims that constitute part of the same case or controversy as the claim over which the court has original jurisdiction. 28 U.S.C. § 1367. But a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original federal jurisdiction. *Id.* § 1367(c)(3); *see also Williams v. Addison Cmty. Schs.*, No. 25-1205, 2026 WL 575854, at *3 (6th Cir. Mar. 2, 2026).

"In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). But "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.").

DocketSearcher's federal claim is dismissed, and the remaining state-law claims do not implicate significant federal interests to warrant the exercise of federal jurisdiction. The Court therefore declines to "needlessly decid[e] state law issues." *Landefeld v. Marion Gen. Hosp.,*

*Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). An Ohio state court is better equipped to interpret DocketSearcher's remaining claims. Accordingly, DocketSearcher's negligence and punitive damages claims are **DISMISSED without prejudice** under 28 U.S.C. § 1367(c)(3).

<strong>CONCLUSION</strong>

For the reasons stated above, (ECF No. 21) Defendant Midland Credit Management Inc.'s Motion to Dismiss is **GRANTED** and (ECF No. 25) Defendant Boyd Gentry's Motion to Dismiss is **GRANTED**. DocketSearcher's FDCPA claim against Mr. Gentry and Midland Credit is **DISMISSED with prejudice**. DocketSearcher's remaining claims against Mr. Gentry and Midland Credit are **DISMISSED without prejudice**. DocketSearcher's claims against Defendant LVNV Funding LLC remain.

This case remains open.

**IT IS SO ORDERED.**

**3/17/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

9